UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GENE FAVORS,

                Petitioner,

v.                                                                        Case Number 09-12121-BC
                                                                       Honorable Thomas L. Ludington

SHIRLEE HARRY,

                Respondent.
_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner Gene Favors is a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan,[1] and filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rather than file a response to the petition, Respondent filed a motion to dismiss [Dkt. # 6] on December 11, 2009, asserting that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner filed a response [Dkt. # 12] to the motion on February 23, 2010. Respondent's motion will be granted because Petitioner did not file his application for a writ of habeas corpus within the limitations period.

I

Respondent has not disputed the factual allegations contained within the habeas petition,

---

[1] Petitioner was incarcerated at the Muskegon Michigan Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Kinross Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

therefore, to the extent that they are consistent with the record, they will be taken as true. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002) ("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations.") (citing *Bland v. Cal. Dep't of Corrs.*, 20 F.3d 1469, 1474 (9th Cir. 1994)). The Michigan Court of Appeals' summarized the facts surrounding the offenses of Petitioner's convictions as follows:

> Defendant abducted a ten-year-old girl from a church in Detroit, led her to a nearby abandoned house, made her undress, and forced her to commit an act of fellatio. He also beat the victim with a stick and with his fist. The victim escaped by running from the house and back to the church wearing only a pair of socks. Two men from the neighborhood had observed a man and a young girl walking past them and then shortly thereafter observed the girl running naked towards the church. The two men captured the fleeing defendant and took him to the church for the victim to identify and to await the arrival of the police.

*People v. Favors*, No. 215826, 2001 WL 986519, at *1 (Mich. Ct. App. Aug. 28, 2001) (per curiam). *See* § 2254(e)(1) (" . . . a determination of a factual issue made by a State court shall be presumed to be correct . . . ."). Several witnesses testified at trial, including the victim, who also identified the defendant, and a serologist who testified "that blood found on defendant's shirt was consistent with the victim's DNA." *Favors*, No. 215826, 2001 WL 986519, at *1, 3.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of (1) first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), (2) kidnapping, Mich. Comp. Laws § 750.350, and (3) assault with intent to commit great bodily harm, Mich. Comp. Laws § 750.84. On October 22, 1998, Petitioner was sentenced to life in prison for the criminal sexual conduct conviction, forty to sixty years in prison for the kidnapping conviction, and six to ten years in prison, plus a $5,000 fine for the assault conviction.

Subsequent to his sentencing, on November 16, 1998, Petitioner filed his appeal of right in

the Michigan Court of Appeals. On August 28, 2001, the court affirmed his convictions, but remanded for resentencing on the assault conviction because the Michigan statute authorized a prison term up to ten years or a fine up to $5,000, but not both. *Favors*, No. 215826, 2001 WL 986519, at *7. Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, which the court denied on May 29, 2002. *People v. Favors*, 645 N.W.2d 660 (table) (Mich. 2002). On July 29, 2002, Petitioner's motion for reconsideration was denied. *People v. Favors*, 649 N.W.2d 79 (table) (Mich. 2002).

After Petitioner was resentenced, on November 5, 2001, he appealed his new sentence. On February 21, 2003, the Court of Appeals remanded for resentencing again, because the sentencing court denied Petitioner's request for an updated presentence report. *People v. Favors*, No. 037683, 2003 WL 462573 (Mich. Ct. App. Feb. 21, 2003). Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, which was denied on July 28, 2003. *People v. Favors*, 469 Mich. 864, 666 N.W.2d 670 (table ) (Mich. 2003).

Approximately sixteen months later, on November 14, 2005, Petitioner filed a motion for relief from judgment in the trial court, which was denied on January 23, 2006. *People v. Favors*, No. 98-004497 (Wayne County Cir. Ct. Jan. 23, 2006). On July 17, 2006, the Court of Appeals denied Petitioner's appeal for lack of jurisdiction "because a criminal defendant may only challenge an order denying a motion for relief from judgment under MCR 6.500 *et seq.* by filing an application for leave to appeal under MCR 7.205." *People v. Favors*, No. 269047 (Mich. Ct. App. July 17, 2006). Petitioner did not appeal that decision to the Michigan Supreme Court.

Then, on December 18, 2006, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, challenging the January 23, 2006, trial court order denying his motion

for relief from judgment. On May 21, 2007, the Court of Appeals denied relief "for lack of merit in the grounds presented." *People v. Favors*, No. 275048 (Mich. Ct. App. May 21, 2007). On March 24, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal the May 21, 2007 order of the Court of Appeals "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Favors*, 745 N.W.2d 783 (table) (Mich. 2008). Petitioner's motion for reconsideration was also denied. *People v. Favors*, 748 N.W.2d 811 (table) (2008).

II

On June 2, 2009, Petitioner filed the pending petition for a writ of habeas corpus in this Court. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

The one-year statute of limitations is tolled for petitions for state post-conviction relief during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on

July 29, 2002, when the Supreme Court denied his motion for consideration. Accordingly, Petitioner's direct appeal would have been final ninety days later, on October 27, 2002, and he would have had one year from that date in which to file his habeas petition. However, because the Court of Appeals' August 28, 2001 decision remanded Petitioner's case to the trial court for resentencing, his direct appeal was not technically closed when subsequently, on November 5, 2001, Petitioner filed a direct appeal of his resentencing with the Court of Appeals. The Michigan Supreme Court's final judgment regarding that appeal was issued on June 28, 2003. Therefore, Petitioner's direct appeal would have been final ninety days from that date, or September 26, 2003. Petitioner would then have one year, or until September 26, 2004, to file his habeas petition.

Petitioner's June 2, 2009 habeas petition was filed outside the limitations period. Although the limitations period under § 2244(d)(2) is tolled when a properly filed post-conviction motion is pending, Petitioner's limitations period expired before he filed his post-conviction motion in the state court on November 14, 2005. The filing of a post-conviction motion does not reset the limitations period. *Brigano*, 346 F.3d at 602.

In his response brief, Petitioner does not specifically address the limitations issue. Petitioner does not attempt to demonstrate why equitable tolling should apply nor does he submit evidence that would support that position. Rather, Petitioner seems to argue that, even if his habeas petition was untimely, he should be entitled to equitable tolling because he is actually innocent of the crimes of which he was convicted. Petitioner's argument is not persuasive, and simply restates the issues raised in his habeas petition.

To determine if equitable tolling applies, the factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), must be considered "unless there is congressional authority to the contrary."

*Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001). The *Andrews* factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Dunlap*, 250 F.3d at 1008; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The *Andrews* factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). Equitable tolling should be granted only "sparingly." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) ("Equitable tolling is permissible under the [AEDPA], although rare."). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

A credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). In *Souter*, the court explained that a petitioner claiming actual innocence "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific

evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has not made a credible claim of actual innocence. He has not presented any new evidence that would raise sufficient doubt about his guilt or that would undermine confidence in the result of his trial. Thus, Petitioner is not entitled to equitable tolling of the one-year limitations period. The petition for writ of habeas corpus was not timely filed and will be dismissed.

III

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No COA is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Respondent's motion to dismiss [Dkt. # 6] is **GRANTED**.

It is further **ORDERED** that the habeas petition [Dkt. # 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: April 6, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2010.

s/Tracy A. Jacobs<br>TRACY A. JACOBS