UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GENE FAVORS,

        Petitioner,

v.                                               Case Number 09-12121-BC
                                               Honorable Thomas L. Ludington

SHIRLEE HARRY,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OR REHEARING

This matter is before the Court on Petitioner's motion for reconsideration or rehearing [Dkt. # 17] filed on or about April 22, 2010. Petitioner asks the Court to reconsider its Opinion and Order Granting Motion to Dismiss, Denying Petition for Writ of Habeas Corpus, and Denying a Certificate of Appealability and Leave to Proceed On Appeal In Forma Pauperis [Dkt. # 13], dated April 6, 2010. For the reasons stated below, Petitioner's motion will be denied.

Eastern District of Michigan Local Rule 7.1(g)(3) governs motions for reconsideration and provides that "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). Further, any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3).

In the April 6, 2010, opinion and order denying the petition for habeas corpus, the Court

concluded that the time for Petitioner to timely file his habeas petition expired on September 26, 2004, that Petitioner did not demonstrate a basis for equitable tolling, and in particular, that Petitioner did not demonstrate actual innocence. In his motion for reconsideration, Petitioner appears to argue that there is a palpable defect in the Court's decision, but after careful scrutiny, it is not apparent what Petitioner considers to be a palpable defect.

Arguably, Petitioner relies on his assertion that the Wayne County Circuit Court lost a motion for relief from judgment that he mailed on July 10, 2003. Had this motion been successfully filed, the limitations period would have been tolled during the time it was pending and the limitations period would have extended beyond September 26, 2004. Petitioner's assertion that he attempted to file this motion, even if true, does not support equitable tolling because Petitioner was not "pursuing his rights diligently" when he did not follow up on the motion for two years. *See* [Dkt. # 17, pp. 16-20]. For reasons more fully explained in the prior opinion and order, Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration or rehearing [Dkt. # 17] is **DENIED**.

                                                     s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: May 20, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2010.

         s/Tracy A. Jacobs
         TRACY A. JACOBS